UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――

EDWIN HOBBS,

          Movant,

  -vs-

UNITED STATES OF AMERICA,

          Respondent.

―――――――――――――――――――――

**DECISION AND ORDER**

**Civil Case No.
6:15-cv-6235**

**Criminal Case No.
6:12-cr-6154**

## I.   Introduction

Edwin Hobbs ("Hobbs" or "Movant"), represented by counsel, has filed his first motion pursuant to 28 U.S.C. § 2255 ("Section 2255"), seeking an order vacating and correcting his sentence under the Armed Career Criminal Act ("ACCA") based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson</u>").

## II.  Background

Hobbs pled guilty on June 11, 2013, to a one-count indictment charging him with being a previously convicted felon in possession of a firearm. In the written plea agreement, and at the plea proceeding on June 4, 2014, Hobbs acknowledged that he had three prior violent felony convictions and was an armed career criminal within the meaning of 18 U.S.C. §§ 922(g)(1), 924(e). Hobbs then was sentenced to the agreed-upon term of 180 months by Chief District Judge Frank P. Geraci, Jr. Hobbs did not directly appeal

the judgment of conviction.

On April 21, 2015, Hobbs filed a pro se Section 2255 motion, arguing that defense counsel was ineffective. On July 16, 2015, Hobbs supplemented the motion with a Johnson claim, arguing that his 2001 conviction for Fleeing a Law Enforcement Officer at a High Rate of Speed in the 2nd Degree falls under the now-unconstitutional residual clause of the ACCA, and therefore no longer qualifies as a violent felony for purposes of that statute.

The Government filed a responsive pleading on October 13, 2015, agreeing that Hobbs' 2001 conviction for fleeing a law enforcement officer no longer qualifies as a violent felony under the ACCA. The Government stated it would concede to resentencing, so long as this Court found that Johnson applied retroactively to cases on collateral.

On November 9, 2015, counsel was appointed for Hobbs. Additional briefing was requested on the issue of whether Johnson should apply retroactively on collateral review. The matter was transferred to the undersigned on April 19, 2016, and is now fully submitted and ready for decision. For the reasons discussed below, the motion is granted and this case is transferred to Chief Judge Geraci, the sentencing judge, for resentencing.

## III. Discussion

In United States v. Jeffrey Zimmerman, Nos. 1:13-cr-0074, 1:16-cv-0015 (W.D.N.Y. Mar. 4, 2016), this Court held that Johnson

applies retroactively on collateral review. <u>See</u> Decision and Order, p. 6, in <u>United States v. Jeffrey Zimmerman</u>, Nos. 1:13-cr-0074, 1:16-cv-0015 (W.D.N.Y. Mar. 4, 2016). On April 18, 2016, during the pendency of this motion, the United States Supreme Court decided <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016). <u>Welch</u> announced that <u>Johnson</u> is "a substantive decision and so has retroactive effect . . . in cases on collateral review." <u>Id.</u> at 1265.

As noted above, the Government's conceded that Movant's 2001 conviction for fleeing a law enforcement officer only qualified as a "violent felony" under the ACCA's residual clause. Analysis of any of Movant's other convictions is unnecessary because, as the Government also conceded, he does not otherwise have the required three prior violent felony convictions required for the armed-career-criminal sentencing enhancement. Furthermore, the Government agreed to resentencing if <u>Johnson</u> were held to apply retroactively on collateral review. The Supreme Court's decision in <u>Welch</u> definitively settled the question of <u>Johnson</u>'s retroactivity in Movant's favor. Accordingly, Movant's sentence is unconstitutional and must be corrected.

## IV.  Conclusion and Orders

Movant's sentence is "in excess of the maximum authorized by law," 28. U.S.C. § 2255(a), since it is not predicated on the sufficient number of "violent felon[ies]" under the ACCA. Movant is entitled to be resentenced on his underlying conviction without the

ACCA enhancement.

Accordingly, it is hereby

**ORDERED** that Movant's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Dkt #38) is **granted**; and it is further

**ORDERED** that this matter is immediately transferred to Chief District Judge Geraci for correction of Movant's sentence and resentencing; and it is further

**ORDERED** that Movant's Motion for Leave to Proceed In Forma Pauperis (Dkt #39) is granted.

**IT IS SO ORDERED.**

**S/ Michael A. Telesca**

_____

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:     June 13, 2016
           Rochester, New York